GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(B)-SVW |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>WILLIAM JOHNSON</u> |
| v. | ) |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

1.  This constitutes the plea agreement between WILLIAM JOHNSON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

## PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a two-count first superseding information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of counts one and two of the first superseding information, which charge violations of Title 21, United States Code, Section 843, the following must be true: on or about each date charged, defendant knowingly or intentionally used a telephone to help bring about a conspiracy to distribute more than 1 kilogram of heroin, a schedule I narcotic drug controlled substance, a violation of 21 U.S.C. § 846. Defendant admits that defendant is, in fact, guilty of this offense as described in counts one and two of the first superseding information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Section 843(b), is: four years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 8 years imprisonment; a six-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of

1  $200.

2      6.   Supervised release is a period of time following
3  imprisonment during which defendant will be subject to various
4  restrictions and requirements.  Defendant understands that if
5  defendant violates one or more of the conditions of any
6  supervised release imposed, defendant may be returned to prison
7  for all or part of the term of supervised release, which could
8  result in defendant serving a total term of imprisonment greater
9  than the statutory maximum stated above.

10     7.   Defendant also understands that, by pleading guilty,
11 defendant may be giving up valuable government benefits and
12 valuable civic rights, such as the right to vote, the right to
13 possess a firearm, the right to hold office, and the right to
14 serve on a jury.

15     8.   Under 21 U.S.C. § 862a, defendant will not be eligible
16 for assistance under state programs funded under the Social
17 Security Act or Federal Food Stamp Act and will not be eligible
18 for federal food stamp program benefits; furthermore, any such
19 benefits or assistance received by defendant's family members
20 will be reduced to reflect defendant's ineligibility.

21     9.   Defendant further understands that the conviction in
22 this case may subject defendant to various collateral
23 consequences, including but not limited to deportation,
24 revocation of probation, parole, or supervised release in another
25 case, and suspension or revocation of a professional license.
26 Defendant understands that unanticipated collateral consequences
27 will not serve as grounds to withdraw defendant's guilty plea.
28 //

## FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing through April 9, 2009, members of a heroin distribution organization led by the Mendoza family in East Los Angeles were engaged in a conspiracy to distribute heroin in the Los Angeles area. On November 1 and November 12, 2008, defendant used a telephone to arrange to obtain heroin from one of the leaders of the Mendoza organization, some of which defendant intended to distribute as part of the described conspiracy. Defendant admits that when he used the telephone on November 1 and November 12, 2008, as described, on each occasion, he used the telephone in furtherance of the conspiracy in that he intended to distribute some of the heroin he was arranging to obtain. Defendant also admits that it was foreseeable to him that the conspiracy involved the distribution of more than 1 kilogram of heroin.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or

"Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

Base Offense Level  :    32   U.S.S.G. § 2D1.1(c)(4)

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 17 are met.  Subject to paragraph 16, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.  Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties remain bound by the agreement and stipulation set forth at paragraph 15.

14. There is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO also agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant Sentencing Guidelines effective on November 1, 2008, an appropriate sentence for defendant is one including a sentence of imprisonment between 72 and 96 months. Therefore, subject to paragraph 20, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that the Court impose a sentence consisting of less than 72 months incarceration, four years supervised release, and the mandatory special assessments of $200.

16. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

17. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for

all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the indictment and first superseding indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

//

   c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

BREACH OF AGREEMENT

  19. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

  20. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

   b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified above and is constitutional. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum

specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

24. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence

defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

_/s/_____    2/8/10
ARIEL A. NEUMAN                  Date
JUSTIN RHOADES
JEFF MITCHELL
Assistant United States Attorneys

This agreement has been read to me in **Spanish**, the language I understand best. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the

```
 1  defendant will receive, except that it will be within the
 2  statutory maximum.
```

### NO ADDITIONAL AGREEMENTS

```
 4      25.  Except as set forth herein, there are no promises,
 5  understandings or agreements between the USAO and defendant or
 6  defendant's counsel.  Nor may any additional agreement,
 7  understanding or condition be entered into unless in a writing
 8  signed by all parties or on the record in court.
```

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

```
10      26.  The parties agree and stipulate that this Agreement
11  will be considered part of the record of defendant's guilty plea
12  hearing as if the entire Agreement had been read into the record
13  of the proceeding.
14      This agreement is effective upon signature by defendant and
15  an Assistant United States Attorney.
16  AGREED AND ACCEPTED
17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
18
    GEORGE S. CARDONA
19  Acting United States Attorney
20
    _____          _____
21  ARIEL A. NEUMAN                                  Date
    JUSTIN RHOADES
22  JEFF MITCHELL
    Assistant United States Attorneys
23
24  ~~This agreement has been read to me in Spanish, the language~~
25  ~~I understand best.~~  I have carefully discussed every part of this
26  agreement with my attorney.  I understand the terms of this
27  agreement, and I voluntarily agree to those terms.  My attorney
28  has advised me of my rights, of possible defenses, of the
```

1  sentencing factors set forth in 18 U.S.C. § 3553(a), of the
2  relevant Sentencing Guidelines provisions, and of the
3  consequences of entering into this agreement.  No promises or
4  inducements have been given to me other than those contained in
5  this agreement.  No one has threatened or forced me in any way to
6  enter into this agreement.  Finally, I am satisfied with the
7  representation of my attorney in this matter.

8  _____/s/ William Johnson_____     __1-23-10__
   WILLIAM JOHNSON                       Date
9  Defendant

10  I, _____, am fluent in written and spoken
11  English and Spanish languages.  I accurately translated this
12  entire agreement from English into Spanish to defendant WILLIAM
13  JOHNSON on this date.

14
15  Interpreter ~~~~~~~~~~~~~~~~        Date ~~~~~~~~~

16
17  I am WILLIAM JOHNSON's attorney.  I have carefully discussed
18  every part of this agreement with my client.  Further, I have
19  fully advised my client of his rights, of possible defenses, of
20  the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
21  relevant Sentencing Guidelines provisions, and of the
22  consequences of entering into this agreement.  To my knowledge,
23  my client's decision to enter into this agreement is an informed
24  and voluntary one.

25
26  _____/s/ William Harris_____        __1/23/10__
    WILLIAM HARRIS                        Date
27  Counsel for Defendant
    William Johnson
28

```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9               FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,    )   CR No. 09-939(B)-SVW
                                  )
12              Plaintiff,        )   F I R S T
                                  )   S U P E R S E D I N G
13        v.                      )   I N F O R M A T I O N
                                  )
14   WILLIAM JOHNSON,             )
                                  )   [21 U.S.C. § 843(b): Use of a
15              Defendant.        )   Communication Facility In
                                  )   Committing a Felony Drug
16                                )   Offense]
                                  )
17   _____)
```

18       The United States Attorney charges:

19                              COUNT ONE

20                          [21 U.S.C. § 843(b)]

21       On or about November 1, 2008, within the Central District of
22  California, defendant WILLIAM JOHNSON knowingly used a
23  communication facility, to wit, a telephone, in committing and
24  causing and facilitating the commission of a felony drug offense,
25  //
26  //
27  //
28  //

AAN/JR/JM:VOCS

1  namely, a conspiracy to distribute more than 1 kilogram of
2  heroin, a schedule I narcotic drug controlled substance, a
3  violation of 21 U.S.C. § 846.

COUNT TWO

[21 U.S.C. § 843(b)]

On or about November 12, 2008, within the Central District of California, defendant WILLIAM JOHNSON knowingly used a communication facility, to wit, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, a conspiracy to distribute more than 1 kilogram of heroin, a schedule I narcotic drug controlled substance, a violation of 21 U.S.C. § 846.

GEORGE S. CARDONA
Acting United States Attorney


CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Violent and Organized Crime Section


CHRISTOPHER BRUNWIN
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section


ARIEL A. NEUMAN
Assistant United States Attorney
Violent and Organized Crime Section