ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail: jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
| Plaintiff, | ) GOVERNMENT'S POSITION RE: <u>SENTENCING FOR DEFENDANT WILLIAM JOHNSON</u> |
| v. | ) |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) SENTENCING DATE: **4/29/2010** |
| Defendants. | ) |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant William Johnson.

///

///

1  The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: March 29, 2010          Respectfully submitted,

                               ANDRÉ BIROTTE JR.
                               United States Attorney

                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division


                                    /S/
                               _____
                               JEFF MITCHELL
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 12, 2009, defendant was charged by Indictment for Conspiracy to distribute heroin in violation of Title 21, United States Code, Section 846.

On February 18, 2010, defendant pled guilty to Counts One and Two of a two-count Information for use of a communication facility in committing a felony drug offense in violation of Title 21, United States Code, Section 843(b).  (PSR ¶ 1).  Defendant admitted to using a cell phone to commit a drug offense, namely, conspiracy to distribute at least one kilogram of heroin.  (PSR ¶ 2).

Specifically, defendant admitted that on November 1, 2008, and November 12, 2008, he used or caused to be used a phone to arrange the purchase of heroin from one of the leaders of the Mendoza heroin organization.  (PSR ¶ 12).  Defendant also admitted that he intended to sell a portion of the heroin he purchased.  (Plea Agreement ¶ 10).

In the plea agreement, the parties have stipulated that an appropriate sentence for defendant is in the range of 72 to 96 months imprisonment, and have agreed not to seek a sentence outside this range.  (Plea Agreement ¶ 15).

**II.   THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on March 25, 2010.  The PSR calculated the total offense level applicable to defendant to be 29.  The PSR also calculated a criminal history category of VI.  The PSR calculated the

guideline sentence to be 151 to 188 months imprisonment, but because of statutory maximum sentences, the range is reduced to 96 months. (PSR ¶ 122 n. 2). The USPO also calculated that defendant is subject to a maximum of two years of supervised release (one year for each count run consecutively), and a mandatory special assessment of $200. (PSR ¶ 125, 135).

The USPO also found defendant to be a Career Offender because of prior Robbery and Drug Trafficking convictions. (PSR ¶ 35). However, because defendant's guideline range for the instant offense exceed the corresponding range for a Career Offender, defendant did not receive an adjustment for his Career Offender status. Id.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office has recommended the following sentence: a 96-month term of imprisonment, a one-year term of supervised release, and a special assessment of $200. (USPO Recommendation Letter at 1). The Probation Officer found that defendant does not have the ability to pay a fine. Id.

**IV.   THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence.

Accordingly, and as set forth herein, the United States submits that defendant should be sentenced to 96 months imprisonment, followed by a one-year term of supervised release,

4

and a mandatory special assessment of $200.[1]  The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

    1.   <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.

Defendant has a long history of drug related offenses.  It appears that his addiction has also lead to violent crimes to support his drug habit.  Defendant has two convictions for Robbery (PSR ¶¶ 49, 52) and four Theft convictions.  (PSR ¶¶ 42, 44, 46, 55).  Defendant's first began using drugs approximately 40 years ago and his criminal history consequently spans 35 years.  (USPO Recommendation Letter at 3).

While defendant has attempted to obtain treatment for his addiction, all attempts have failed and have eventually lead to defendant committing more crimes.  <u>Id.</u>

    2.   <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

As indicated, defendant is a long time addict and career

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

offender. Defendant has attempted to obtain treatment for his addiction on multiple occasions but all attempts have failed. Further, past convictions have also failed to deter defendant. It is unlikely that any sentence imposed by this court would deter defendant from using heroin upon his release and from committing further crimes to feed his addiction.

The government's recommendation of 96 months is, therefore, not based on specific deterrence but rather is based on the need to protect the public from defendant.

3.   <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Following the recommended sentencing guideline range will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant's role in the underlying conspiracy was as a reseller. Defendant would purchase large quantities of heroin, some of which he used, but he sold the remainder to support his addiction. All other resellers sentenced by this Court have been sentenced to 60 months.

However, this defendant differs from those defendants because this defendant is a Career Offender. In fact, he is the first Career Offender to be sentenced by this court in this case.

A sentence of an additional 36 months longer than those reseller with less extensive criminal histories is warranted. Further, it is needed in this case to protect the public from defendant who has a long history of committing crimes to support

his addiction.  An addiction that is unlikely to be cured.

**V.   CONCLUSION**

    For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 96 months imprisonment, one year of supervised release, and a special assessment of $200.

    The government respectfully requests the opportunity to supplement its position as may become necessary.